#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MARYLAND
#### SOUTHERN DIVISION

| | |
|---|---|
| **KODOR ASSOCIATES LIMITED PARTNERSHIP, ET AL,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 8:06-cv-1256 AW** |
| **PETER D. ROSE,** | |
| **Defendant.** | |

### MEMORANDUM OPINION

This case concerns a claim against an architect for failure to perform his contract obligations. Pending before this Court is Defendant Peter D. Rose's Motion to Dismiss [5]. The Motion and Opposition to the Motion have been fully briefed. This Court has reviewed the pleadings and determined that no hearing is necessary. *See* Local Rule 105(6) (D. Md. 2004). For the reasons stated below, this Court will grant Defendant's Motion to Dismiss with Prejudice.

### FACTUAL & PROCEDURAL BACKGROUND

In the summer of 1998, Kodor Associates Limited Partnership ("Kodor"), Edward J. Koppel, and Grace Anne Dorney Koppel ("Koppel") (collectively, "Plaintiffs") began to negotiate with Defendant Peter D. Rose ("Rose" or "Defendant") for architectural services to construct the Koppel residence. The parties later entered into an agreement under which Rose was to provide various services, including: drawing complete and coordinated architectural drawings for the residence, identifying a builder for the construction of the residence, delivering the drawings to the builder, and supervising the construction of the residence to completion.

Construction of the residence began in the summer of 2002. Plaintiffs estimated that the

1

construction of the home would total $4.2 million dollars. From the date of the construction's commencement to the eventual termination of the agreement with Defendant on March 6, 2003, Plaintiffs were forced to expend additional funds, over the estimate, because Defendant failed to deliver the drawings to the builder on time and needed to revise several of the drawings that were delivered. In February of 2003, construction was discontinued. On February 24, 2003, Koppel sent a letter demanding full performance of Rose's obligations under the agreement and impelling Rose to notify his insurance carrier of Plaintiffs' claims against Rose. On February 28, Koppel sent Rose an email requesting assurance of full and complete performance under the contract by March 3, 2003. On March 3, 2003, Koppel sent Rose a letter requesting a meeting on March 6, 2003. In the letter, Koppel indicated that Rose was in material breach, due to his failure to fulfill his obligations for months, and reiterated Plaintiffs' request of assurance of performance under the contract. On March 6, 2003, Koppel sent a letter terminating the agreement with Rose on the basis that Rose had been in material breach of the agreement for some time. Within the letter was a request for the delivery of all files and drawings pertaining to the Koppel residence so that construction could continue under the auspices of another architect. Delivery of the requested items was made on March 20, 2003. Subsequently, Plaintiffs discovered that the drawings were not substantially complete. On the basis of these facts, Kodor and the Koppels filed a Complaint on March 17, 2006 in the Circuit Court for Montgomery County, Maryland alleging breach of contract. Defendant Rose removed the case to federal court on the basis of diversity jurisdiction on May 18, 2006. Rose filed the instant Motion to Dismiss with this Court on May 24, 2006. Currently, Defendant's Motion to Dismiss is ripe and ready for review. An opinion will now issue.

## STANDARD OF REVIEW

It is well established that a motion to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure should be denied unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must view the well-pleaded material allegations in a light most favorable to the plaintiff, and accept the factual allegations in the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383 (4th Cir. 1990).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1977). As the Fourth Circuit has explained, the purpose of Rule 12(b)(6) is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint, and not the facts that support it. *See Neitzeke v. Williams*, 490 U.S. 319, 326-27 (1989); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *United Mine Workers*, 609 F.2d at 1085 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed.1982)).

## ANALYSIS

Defendant argues that his Motion to Dismiss should be granted because the applicable statute of limitations bars Plaintiffs' claims. Maryland statute supplies the rule of law in this case. *See generally Erie R. R. Co. v. Tompkins,* 304 U.S. 64 (1938). Under Maryland law, a plaintiff must file suit "within three years from the date [the cause of action] accrues unless another provision of the

3

Code provides a different period of time within which an action shall be commenced." Md. Cts & Jud. Proc. Code Ann. § 5-101 (2005).

While generally a cause of action accrues on the date of the alleged wrong, Maryland has also adopted the discovery rule, which provides that a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong. *See, e.g. Poffenberger v. Risser*, 431 A.2d 677 (Md. 1981); *Martin Marietta Corp. v. Gould, Inc*, 70 F.3d 768, 771 (4th Cir. 1995).

Defendant argues that the statute of limitations bars Plaintiffs' cause of action because breach of the agreement between the parties occurred as early as the summer of 2002, when construction was delayed as result of Defendant's noncompliance with the agreement, and as late as March 6, 2003, when the agreement was terminated, which is more than three years from the date that Plaintiffs filed their Complaint. Plaintiffs conversely maintain that their March 17, 2006 filing date is within the three year statute because it was not until March 20, 2003 that Plaintiffs received all the drawings and files that Rose had produced pertaining to the Koppel residence. Moreover, Plaintiffs assert it was only sometime after March 20, 2003, when they consulted another architect, that Plaintiffs discovered the drawings were substantially incomplete, and on this basis filed their Complaint.

This Court was not presented with any written document representing the agreement between the disputing parties and therefore must base its ruling on the facts as presented in the pleadings. As evidenced in the Complaint, Plaintiffs were aware of Defendant's noncompliance with the terms of the contract as early as the summer of 2002, when delay damages began to accrue. Plaintiffs also asserted in their Complaint that construction on the Koppel residence came to a halt in February of 2003 solely as result of Defendant's failure to deliver drawings to the builder. Finally, Plaintiffs terminated the agreement on March 6, 2003 because Defendant would not provide adequate assurance of full performance under the agreement.

4

After March 20, 2003, Plaintiffs were able to review the drawings of Defendant in order to discover the extent of their damages as a result of Defendant's incomplete work. Nevertheless, the statute of limitations begins to run at the moment breach is reasonably discoverable, not at the moment when the extent of the damages is ascertainable. *See Lumsden v. Design Tech Builders, Inc.*, 749 A.2d 796, 804 (Md. 2000) ("A plaintiff need not be able to prove each element of the claim, nor may the claim be held in abeyance indefinitely until the plaintiff obtains professional assistance to determine the existence of the claim.") (quoting *Warren Consol. Schs. v. W.R. Grace & Co.,* 518 N.W.2d 508, 510 (Mich. Ct. App. 1994)).

Moreover, this Court finds the cases cited by Plaintiffs inapposite. Plaintiffs rely on *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963 (Md. 2000) and *Supik v. Bodie*, 834 A.2d 170 (Md. App. 2003), both of which are legal malpractice cases that invoke the continuous representation rule. The continuous representation rule focuses on the fiduciary relationship between the professional and the client, which tolls the statute of limitations in malpractice cases until the professional relationship has ended. As stated in *Frederick Rd. Ltd P'ship*, the justification for the continuous representation rule is that a professional relationship, such as one between an attorney and his client, is built on trust and normally gives the client the right to relax his or her guard and rely on the good faith of the professional until something occurs to make the client suspicious. *Frederick Rd. Ltd. P'ship,* 756 A.2d at 975. *See also id.* at 977 (citing *Kornbau v. Evans,* 152 P.2d 651, 653 (Cal. Ct. App. 1944) (holding that the statute of limitations did not begin to accrue where client relied on assurances from her attorney)). Similarly, the court in *Supik* determined that the statute of limitations in a legal malpractice cause of action did not begin to run until the underlying tort claim on which the defendant firm was working was resolved, which signified the date when the client's injury was fixed. 834 A.2d at 173.

In the case at bar, Plaintiffs' suspicions should have been alerted when delays in construction

5

began to occur. This Court concludes that, at the latest, the statute of limitations began to run by March 6, 2003, when Plaintiffs terminated the agreement as result of actual knowledge of their injury caused by Defendant. Consequently, Plaintiffs did not file their action within the required three year period.

## CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion will follow.

Date:  July 6, 2006

                                                        /s/
                                  Alexander Williams, Jr.
                                  United States District Judge

7